IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| BETH SCHIRNHOFER, | ) |
| Plaintiff, | ) 2:16-CV-00462-CRE |
| vs. | ) |
| PREMIER COMP SOLUTIONS, LLC, | ) |
| Defendant, | ) |

## **MEMORANDUM ORDER**

Presently before the court is Defendant Premier Comp Solutions, LLC's ("PCS") motion for leave to file documents under seal [ECF No. 39]. PCS seeks to file its forthcoming motion for summary judgment, concise statement of material facts, brief in support of its motion and appendix under seal. PCS asserts that it intends to include or reference documents and deposition transcripts which are the subject of a protective order previously entered. *See* Am. Stipulated Protective Order [ECF No. 27].

While the information that PCS seeks to file under seal may be the subject of the previously entered protective order, "the public's right to inspect judicial records may not be evaded by a wholesale sealing of court papers. . . . [T]he district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (quoting *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir.1989)). S*ee also Bank of America National Trust and Savings Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343 (3d Cir.1986) ("The right of the public to inspect and copy judicial records antedates the Constitution."). This right applies in particular context to documents and

1

evidentiary materials submitted in support of summary judgment. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662-663 (3d Cir. 1991). *See also Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F.Supp.3d 544, 559 (W.D.Pa. 2014) ("the need for public scrutiny is at its zenith when the motion is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial"). In cases involving "ordinary civil litigation," before a district court takes the "unusual step" of sealing records, the court must articulate "the compelling countervailing interests to be protected, ma[k]e specific findings on the record concerning the effects of disclosure, and provide[] an opportunity for interested third parties to be heard." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).

IT IS ORDERED that in light of the undeniable right of the public to inspect judicial records, and the unusual and extraordinary remedy of sealing motions for summary judgment and attendant materials in ordinary civil litigation, it is not appropriate to permit PCS to file its motion for summary judgment and attendant materials under seal and said motion is DENIED.

IT IS FURTHER ORDERED that the parties may redact any information subject to the protective order which include any materials containing "sensitive or proprietary business, commercial, or personal information (e.g., private medical information or private identifying information) which, if disclosed, might adversely affect the competitive position or business operations of the Party or Third Party producing such materials, or invade the privacy rights of any person" ECF No. 27 at ¶ 3 in the summary judgment motion, brief in support, response brief(s), reply brief(s), concise statements of material facts and appendices, and shall hand-deliver to the court a courtesy un-redacted hard copy of the materials.[1]

---

[1] The court also notes that the Protective order requires that "[a] receiving Party intending

SO ORDERED.

DATED this 1st day of June, 2017.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

---

to file documents or portions thereof designated as Confidential Material or Confidential-Attorney Eyes' Only Material with the Court shall first seek the agreement of the opposing counsel to waive the Confidentiality designation" prior to filing a motion to seal. Am. Stipulated Protective Order [ECF No. 27] at ¶ 18. It is unclear whether PCS sought the agreement of opposing counsel prior to filing the present motion to seal. PCS is directed to confer with opposing counsel to determine exactly what information is deemed Confidential under the Amended Stipulated Protective Order and necessary to redact and also determine the extent to which opposing counsel will waive any Confidentiality designation. Moreover, nothing in this order prevents the Court from striking from the record any motion for summary judgment and attendant materials if the redaction is so overbroad that it renders the submissions as effectively under seal.