IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| BETH SCHIRNHOFER, | ) |
| Plaintiff, | ) 2:16-CV-00462-CRE |
| vs. | ) |
| PREMIER COMP SOLUTIONS, LLC, | ) |
| Defendant, | ) |

## **MEMORANDUM ORDER**

AND NOW, this 24th day of October, 2017, after consideration of Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts [ECF No. 75], Plaintiff's Brief in Support of that Motion [ECF No. 76], Defendant's Response and Brief in Opposition to Plaintiff's Motion to Strike [ECF Nos. 79, 80], it is HEREBY ORDERED that said motion is DENIED.

Plaintiff moves for this Court to strike Defendant's Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts on the grounds that it is an unauthorized filing. Defendant responds that this court expressly permitted it to file the contested reply to the responsive concise statement of material facts in the Court's Order of September 15, 2017 because the docket text linked to certain documents including the Concise Statement of Material Facts and set a deadline for the submission of a reply in the docket text. Defendant's argument is rejected, because at no time did the court expressly permit Defendants to file a reply to the responsive concise statement of material facts. It is common knowledge that the docket text which accompanies filings on this district's electronic filing system includes abbreviated language from the attached order and in no way substitutes or supersedes the plain language of the attached order.

1

The order that Defendant references[1] is attached to this docket entry reads: "AND NOW, this 15th day of September, 2017, upon consideration of the Defendant's Consent Motion for Extension of Time to File Reply in Support Of[sic] Defendant's Motion for Summary Judgment, The[sic] Court's August 10, 2017 Order (ECF No. 54) is amended and Defendant's Reply shall be filed on or before September 18, 2017." Order [ECF No. 63]. This order only set a deadline for a reply brief, at no point did the Court allow Defendant to file a reply to the responsive concise statement of material fact, and at no point did Defendant seek to file a reply to the responsive concise statement of material fact.

However, because Defendant is correct in its response that the Reply was filed in accordance with Local Rule 56, *see e.g., Sproull v. Golden Gate Nat. Sr. Care, LLC*, 2010 WL 339858, at *3 (W.D.Pa. 2010) and because of this court's inherent authority to control its docket, *see Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."), and because Plaintiff has been given the opportunity to file a sur-reply to Defendant's reply and has done so, and will suffer no prejudice from Defendant's submission, Plaintiff's motion to strike is DENIED.

IT IS FURTHER ORDERED that the pending motion for summary judgment is considered RIPE, and no further briefing will be permitted, and the court will take into consideration all of the parties' submissions in determining the pending motion for summary judgment.

DATED this 24th day of October, 2017.

---

[1] The signed order was drafted by the Defendant for the Court's signature and was not materially changed in any way.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge