IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

BETH SCHIRNHOFER                                                                                    PLAINTIFF

VS.                                         2:16-CV-00462-BRW

PREMIER COMP SOLUTIONS, LLC                                                          DEFENDANT

## ORDER

Pending is Plaintiff's Amended Motion for Attorneys' Fees and Costs (Doc. No. 253). Defendant has responded[1] and Plaintiff replied.[2] The motion is GRANTED to the extent set out below.

**I.     BACKGROUND**

Plaintiff brought this action alleging she was fired in violation of the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and Allegheny County Humans Relations Act. After a three-and-a-half day jury trial, the jury found in favor of Plaintiff and awarded her $35,000 in back pay and $250,000 in non-economic damages.[3] However, the Jury answered "yes" to Verdict Question 5,[4] the mixed-motive question, so I struck the $285,000 verdict.

On June 11, 2019, Plaintiff filed a motion for attorneys' fees of $467,787.00 and costs in the amount of $35,823.52. Plaintiff's lawyers voluntarily cut their attorneys' fees and costs by 33.3% and now seek $311,826.81 attorneys' fees and $23,879.96 in costs.

---

[1] Doc. No. 260.
[2] Doc. No. 261.
[3] Doc. No. 237.
[4] *Id.*

1

## II. DISCUSSION

Under Section 2000e-5(g)(2)(B) the court has the discretion to determine whether an award of attorney's fees is warranted in this case.[5] The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[6] It requires the court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7] Then the court "can adjust a fee award upward or downward based upon the results obtained in a case."[8] "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[9] "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[10]

Hours that were not "reasonably expended" must be excluded.[11] Despite the considerable discretion reserved to the trial court in the setting of a fee award, my role in reviewing that award is "not merely a passive [one]."[12]

## III. ANALYSIS

After I entered judgment in favor of Plaintiff, I asked Plaintiff's lawyers to submit their petition for fees and costs. After reviewing the relevant caselaw, I believe Plaintiff is entitled to some of their requested fees and costs.

---

[5]*Pitrolo v. Cty. of Buncombe*, F. App'x 619, 632 (4th Cir. 2014).
[6]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[7]*Id.*
[8]*McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).
[9]*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original).
[10]*Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).
[11]*Hensley*, 461 U.S. at 434.
[12]*Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

According to the Third Circuit, "[a]s long as a plaintiff achieves some of the benefit sought in a lawsuit, even though the plaintiff does not ultimately succeed in securing a favorable judgment, the plaintiff can be considered the prevailing party for purposes of a fee award."[13] The jury found that Defendant had discriminated against Plaintiff and denied her an accommodation that was covered by the ADA. Still, Defendant claims that there is "nothing"[14] that makes this case significant. I disagree. In 2014, Defendant's counsel wrote a memo outlining that Plaintiff's PTSD was not a recognized disability under the ADA. The jury found that Plaintiff was discriminated against based on her disability which is significant in enforcing a citizen's rights to be free from discrimination. I find that Plaintiff is the prevailing party and entitled to some attorneys' fees and costs for her limited victory.

Plaintiff requests the following hourly rates for the lawyers who worked on this case:

| Lawyer | Rate |
|---|---|
| Jonathan Cohn | $375 |
| Maureen Davidson-Welling | $375 |
| Daniel Berlin | $295 |
| Maribeth Hamel | $110 |
| Tina Schaeffer | $110 |
| Law Clerks[15] | $75 |

I recently award hour rates between $400 and $250 for an employment discrimination fee request, and I find these rates to be consistent with the legal community in the Pittsburgh area.

With the self-imposed reduction, the hours Plaintiff's lawyers billed in this case are reasonable. This was a three-year-old lawsuit that was properly litigated. Plaintiff attorneys' time is well-documented and directly attributed to the discrimination claim. However, I find that a deduction of $16,515 in attorneys' fees and $1,780.80 in costs is proper for the deposition costs

---

[13] *Wheeler by Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991).
[14] Doc. No. 260, at p. 23.
[15] Sara Boehme, Christian Casale, Sarah Grape, Max Roesch.

involving Attorney Stein. This brings Plaintiff's requested attorney's fees to $295,311.81 and costs of $22,099.16.

In determining the proper fee to award the Court has found, "a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."[16] I find that a 40% reduction in Plaintiff's attorneys' fees and costs is appropriate because of a limited victory, since was not able to collect the jury's award based on the mixed-motive finding. [17]

## CONCLUSION

Based on the findings of facts and conclusions of law above, Plaintiff's Motion for Attorney's Fees is GRANTED. Plaintiff is entitled to attorney' fees in the amount of $177,187.08 and costs in the amount of $13,259.50.

IT IS SO ORDERED this 23rd day of October 2019.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[16]*Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).
[17]My reduction in the attorneys' fees and costs also takes into consideration Defendant's argument of attorneys' fees and costs associated with Dr. Elhai's deposition.